THOMAS R. BURKE (State Bar No. 141930)
E-mail: thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

JANET L. GRUMER (State Bar No. 232723)
E-mail: janetgrumer@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Attorneys for Defendant
TIME WARNER INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREATER LOS ANGELES AGENCY ON
DEAFNESS, INC., DANIEL JACOB,
EDWARD KELLY and JENNIFER OLSON,
on behalf of themselves and all others similarly
situated,

        Plaintiffs,

    vs.

TIME WARNER INC., a Delaware
Corporation,

        Defendant.

Case No. CV 11 3458

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441 (DIVERSITY)

Action Filed: June 15, 2011

Action Removed: July 14, 2011

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant Time Warner Inc. ("Defendant") hereby removes to this Court the state court action described below. In support of this Notice of Removal, Defendant alleges as follows:

1.      On or about June 15, 2011, plaintiffs Greater Los Angeles Agency on Deafness, Inc., Daniel Jacob, Edward Kelly, and Jennifer Olsen ("Plaintiffs") filed the above-captioned action (Civil Case No. RG 11580682) collectively, on behalf of themselves, and putatively, for all others similarly situated in the Superior Court of the State of California, County of Alameda ("State Action") against Time Warner Inc. ("Defendant"). A true and correct copy of the Complaint in the State Action ("Complaint") is attached hereto as **Exhibit A**.

2.      The Complaint alleges that Defendant violated the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.* ("Unruh Act"), and the California Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.* ("CDPA"), because it failed to include captions on videos posted on its website CNN.com. Plaintiffs claim that a lack of captioning denies the putative class full and equal access to CNN.com as a public place. (*See* Exhibit A.)

3.      Plaintiffs demand declaratory relief stating the parties' rights and duties. (*See* Ex. A at ¶¶ 62-64.) Additionally, Plaintiffs seek an injunction prohibiting Defendant's alleged violations of the Unruh Act and the CDPA. (*See* Ex. A at ¶ 65.) Defendants also request money damages, including applicable statutory damages, and attorneys' fees and costs. (*See* Ex. A at ¶¶ 66-67.)

4.      Plaintiffs mailed a copy of the Complaint, Summons, and Civil Case Cover Sheet in the State Action, as well as a Notice of Acknowledgment and Receipt, to Defendant on June 24, 2011. A true and correct copy of the Civil Case Cover Sheet is attached as **Exhibit B**, and a true and correct copy of the Summons is attached as **Exhibit C**. A true and correct copy of the Notice of Acknowledgment and Receipt received by Defendant is attached as **Exhibit F**.

---

1

5. Defendant signed and returned the Notice of Acknowledgment and Receipt on July 14, 2011, a true and correct copy of which is attached as **Exhibit G**. Accordingly, this Notice of Removal is timely filed within the 30-day period set forth in 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period runs from formal service of summons and complaint under state law).

6. Defendant is the only defendant named in the State Action. Defendant is not aware of the existence of or service of any "Doe" defendant; consequently, no further consent to removal is required. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d), which requires that (1) the proposed class consists of over 100 members; (2) any member of the class of plaintiffs is a citizen of a State different from any defendant; and (3) the matter in controversy exceeds the sum or value of $5,000,000 in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d). As explained below, each of these requirements is met in this case.

## THE PROPOSED CLASS

8. Plaintiffs propose a class consisting of more than 100 members. The putative class is comprised of "all persons who are deaf or hard of hearing in California and require captions to access the video content on CNN.com." (*See* Ex. A at ¶ 36.) Plaintiffs allege that there are more than 100,000 Californians who are functionally deaf, and purport to bring the State Action on behalf of all of them. (*See* Ex. A at ¶¶ 27, 36.) Thus, the putative class exceeds 100 members.

9. Furthermore, the individual named plaintiffs allege that they visit CNN.com regularly. (*See* Ex. A at ¶¶ 33-35.) In fact, Plaintiffs Daniel Jacob and Edward Kelly both visit the website daily and allege that they are excluded from accessing videos posted on CNN.com. (*See* Ex. A at ¶¶ 33-34.)

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER INC.
CASE NO. RG 11580682 – NOTICE OF REMOVAL

DWT 17579965v2 0026517-000132

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**DIVERSITY**

10.     Diversity of citizenship exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

11.     All of the Plaintiffs in this action are citizens of California.  (*See* Ex. A at ¶¶ 20-23.)

12.     As of the date of filing of the Complaint and through the date of filing of this Notice of Removal, Defendant is and has been a Delaware corporation with its principal place of business in the State of New York.  Defendant is therefore a citizen of the states of Delaware and New York.  Defendant is not a citizen of California.

13.     Accordingly, because Plaintiffs are citizens of California and Defendant is a citizen of the States of Delaware and New York, diversity of citizenship exists for purposes of removal under 28 U.S.C. § 1332(d)(2)(A).

**AMOUNT IN CONTROVERSY**

14.     With respect to the amount in controversy, the threshold amount under 28 U.S.C. § 1332 is satisfied.  In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted).

15.     Section 1332 requires that that the class members' aggregate claims exceed the sum of $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1332(d)(6).  Certain allegations, separately and together, sufficiently satisfy the amount in controversy requirement and confirm that Plaintiffs are seeking in excess of $5,000,000 in the aggregate.

16.     Under the Unruh Act, a plaintiff may recover "up to a maximum of three times the amount of actual damage but in no case less than $4,000" for each violation, as well as any attorneys' fees.  Cal. Civ. Code § 52.  Under the CDPA, a plaintiff may recover "up to a maximum of three times the amount of actual damages but in no case less than $1,000" for each violation, in addition to attorneys' fees.  Cal. Civ. Code § 54.3.  A plaintiff may not collect

3

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

damages for the same act or failure to act pursuant to both the Unruh Act and the CDPA.  Cal. Civ. Code § 54.3(c).

17.     Plaintiffs allege that there are more than 100,000 Californians who are functionally deaf.  (*See* Ex. A at ¶ 27.)  If only 2% of the putative class (2,000 of the 100,000 class members) attempt to access a CNN.com video only once each year during the three-year statutory period, the minimum statutory damages of $1,000 per violation would amount to $6,000,000 in damages. Assuming the same calculations under the Unruh Act, at $4,000 minimum statutory damages per violation, the minimum statutory damages would amount to $24,000,000.  It is therefore apparent that Plaintiffs are seeking in excess of $5,000,000 in the aggregate, exclusive of interest and costs. Furthermore, it is likely that well in excess of 2,000 of the 100,000 putative class members have attempted to access a CNN.com video at least once per year during the three-year statutory period.

18.     Plaintiffs also seek to recover their attorneys' fees under the Complaint.  (*See* Ex. A at ¶ 67.)  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  Here, both of the statutes under which Plaintiffs seek to recover under include reasonable attorneys' fees and costs to prevailing plaintiffs.  *See* Cal. Civ. Code §§ 52 and 54.3.   It is apparent that if attorneys' fees or costs were to be added to either the $6,000,000 damages under the CDPA alone, or the $24,000,000 under the Unruh Act alone, the damages would be even greater.

19.     Thus, based on the nature of Plaintiffs' claims, the extent and number of probable claims asserted, the number of class members, and the relief sought by Plaintiffs in the Complaint, it is apparent that the amount of controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

## MISCELLANEOUS

20.     Venue is proper in this District under 28 U.S.C. § 1391(a)(2) because plaintiff Daniel Jacob and other putative class members are residents of this District and thus, a substantial part of the events or omissions giving rise to Plaintiffs' Complaint took place in this District.  (*See*

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ex. A at ¶¶ 19, 20.)  The Complaint also alleges that Defendant has caused injury to persons with disabilities in this District.  (*See* Ex. A at ¶ 18.)  Plaintiffs filed the Complaint in the Superior Court of California, County of Alameda.

21.     Pursuant to 28 U.S.C. § 1446(d), counsel for Defendant certifies that copies of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Alameda, and served on Plaintiffs.

22.     The following constitutes all of the process, pleadings or orders found in the State Action court file (Exs. A-E) or received or served by Defendant or otherwise, and available to Defendant at the time of the filing of this removal.  True and correct copies are attached:

| | |
|---|---|
| Ex. A. | Complaint |
| Ex. B. | Civil Case Cover Sheet |
| Ex. C. | Summons |
| Ex. D. | Proof of Service |
| Ex. E. | Complex Determination Hearing and Case Management Conference |
| Ex. F. | Notice of Acknowledgement and Receipt received by Defendant |
| Ex. G. | Notice of Acknowledgement and Receipt signed and returned by Defendant |

23.     Concurrently with the filing of this Notice, Defendant has provided written notice of removal to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the Alameda County Superior Court.

///

///

///

5

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. *v.* TIME WARNER INC.
CASE NO. RG 11580682 – NOTICE OF REMOVAL

DWT 17579965v2 0026517-000132

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    24.    Based on the foregoing, Defendant hereby removes this action from the Superior

2    Court of California, County of Alameda, to this Court and requests that further proceedings be

3    conducted in this Court as provided by law.

4

5    DATED:  July 14, 2011                    DAVIS WRIGHT TREMAINE LLP
                                              THOMAS R. BURKE
6                                             JANET L. GRUMER

7

8                                             By: _____
                                                      Thomas R. Burke
9

10                                            Attorneys for Defendant
                                              TIME WARNER INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

PROOF OF SERVICE BY MAIL

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

       On July 14, 2011, I served the foregoing document(s) described as: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Laurence W. Paradis
Anna Levine
Elizabeth Leonard
Disability Rights Advocates
2001 Center Street, 4th Floor
Berkeley, CA 94704-1204

Linda M. Dardarian
Rachel E. Brill
Goldstein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Dr., Suite 100
Oakland, CA 94612

Peter Blanck
900 S. Crouse Ave
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130

       I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

       Executed on July 14, 2011, at Los Angeles, California.

☑    State    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑    Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
       Frank M. Romero
       Print Name

*Frank M. Romero*
       Signature

**EXHIBIT A**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  DISABILITY RIGHTS ADVOCATES
   LAURENCE W. PARADIS (CA BAR NO. 122336)
2  lparadis@dralegal.org
   ANNA LEVINE (CA BAR NO. 227881)
3  alevine@dralegal.org
   ELIZABETH LEONARD (CA BAR NO. 274757)
4  eleonard@dralegal.org
   2001 Center Street, Fourth Floor
5  Berkeley, California 94704-1204
   Tel:   (510) 665-8644
6  Fax:   (510) 665-8511
   TTY:   (510) 665-8716
7

8  GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
   LINDA M. DARDARIAN (CA BAR NO. 131001)
9  ldardarian@gdblegal.com
   RACHEL E. BRILL (CA BAR NO. 233294)
10 rbrill@gdblegal.com
   300 Lakeside Drive, Suite 1000
11 Oakland, CA 94612
   Tel: 510-763-9800
12 Fax: 510-835-1417

13 PETER BLANCK (To seek application *pro hac vice*)
   pblanck@syr.edu
14 900 S. Crouse Avenue
   Crouse-Hinds Hall, Suite 300
15 Syracuse, New York.  13244-2130

16 Attorneys for Plaintiffs

17

18            IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

19                          COUNTY OF ALAMEDA

20 GREATER LOS ANGELES AGENCY ON            Case No. **RG 11580682**
   DEAFNESS, INC., DANIEL JACOB,
21 EDWARD KELLY AND JENNIFER                **COMPLEX LITIGATION**
   OLSON, on behalf of themselves and all
22 others similarly situated,               **CLASS ACTION COMPLAINT FOR
                                            VIOLATIONS OF THE UNRUH CIVIL
23                                          RIGHTS ACT, CAL. CIV. CODE § 51,** *et seq.,*
                                            **AND THE CALIFORNIA DISABLED
24              Plaintiffs,                 PERSONS ACT, CAL. CIV. CODE § 54,** *et
                                            seq.*
25 v.

26 TIME WARNER, INC., a Delaware
   Corporation,
27
                Defendant.
28

---

*GLAD et al. v. Time Warner, Inc.*
**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CAL. CIV.
CODE § 51,** *et seq.,* **AND THE CALIFORNIA DISABLED PERSONS ACT, CAL. CIV. CODE § 54,** *et seq.*

Exhibit A

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# INTRODUCTION

1.  This lawsuit seeks to end the ongoing violation of California anti-discrimination law that Defendant Time Warner, Inc. ("Defendant" or "Time Warner") commits against people who are deaf or hard of hearing by refusing to caption its online news videos at CNN.com. Through this refusal, Defendant denies people who are deaf or hard of hearing access to much of the most important content it offers through CNN.com. Without any form of captioning, deaf individuals cannot benefit from the broad, instant, and constant video news access that CNN.com provides. This lawsuit seeks to end Time Warner's ongoing discrimination by requiring it to provide closed captioning for its videos on CNN.com.

2.  Time Warner is one of the largest media and entertainment companies in the world. Time Warner maintains approximately 1,100 subsidiaries, including Turner Broadcasting System, Inc.

3.  Turner Broadcasting System Inc. is involved in various aspects of television production, distribution and operation. It is a major producer of news and entertainment programs and programming for the basic cable industry. It owns cable networks and program services, including various CNN networks (CNN, CNN Headline News, CNNfn and CNNSI), and it operates numerous online news sites including CNN.com.

4.  In January 2011, CNN.com had 33 million unique visitors and 864 million monthly page views to the home page alone.

5.  Viewership of CNN.com rises dramatically when breaking news becomes available. For example, according to its own website, CNN.com received 67 million global page views in a single day, March 12, 2011, immediately following the Japanese earthquake and tsunami. The vast majority of users who visited CNN.com that day watched a video; according to its own website, CNN.com received 60 million global video starts on March 12, 2011.

6.  CNN.com operates in California and is visited by millions of Californians on a regular basis.

7.  At any given time, CNN.com displays hundreds of short videos on its website providing news and other information. Some of these videos were previously broadcast on

---

*GLAD et al. v. Time Warner, Inc.*
**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE § 51, *et seq.*, AND THE CALIFORNIA DISABLED PERSONS ACT, CAL. CIV. CODE § 54, *et seq.***

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   CNN's television channel with captioning, and then posted online for viewing at the viewer's
2   convenience.  Some of these videos are only shown online.  None of these videos shown on
3   CNN.com has captioning.

4       8.   Captioning can be readily provided as an option for hearing impaired visitors to
5   CNN.com without significant difficulty or expense and without interfering with the experience
6   that non-disabled visitors to CNN.com enjoy.

7       9.   Closed captioning means that users only see the captions by activating a key on their
8   control system that turns on the captions.  Hearing viewers who do not activate the closed
9   caption do not see the captions.  Technology is currently available that would enable
10   Defendants to provide what is essentially closed captioning for videos on the CNN.com
11   website.

12       10. Many of the videos on CNN.com are accompanied by text; however, this text rarely
13   matches the content of the video and is not a substitute for captioning.

14       11. For example, on April 14, 2011, CNN.com posted a video entitled "Concrete Pumps
15   Head to Nuclear Plant," which was a story about two American concrete pumps that were
16   shipped to Japan to assist with a nuclear reactor emergency at the Fukushima power plant
17   following a massive earthquake in the region.  The text that accompanied the video had a
18   different title and was about the cause of damage at the Fukushima power plant.  The content of
19   the video and the article regarding this unfolding international event were only tangentially
20   related.

21       12. Moreover, even if the script accompanying the videos on CNN.com did match the
22   audio content of the videos, this would still not provide an equivalent experience to making the
23   videos themselves accessible.  Users of CNN.com watch the videos because they provide a
24   unique combination of visual information and audible information.  The visual portion often
25   contributes to the user's experience in ways that a purely audible or printed version does not
26   provide.  CNN.com goes to great effort to create and offer visitors to CNN.com video content
27   precisely because many visitors prefer to experience the combined visual and audible content of

28

---

*GLAD et al. v. Time Warner, Inc.*
**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CAL. CIV.
CODE § 51, *et seq.*, AND THE CALIFORNIA DISABLED PERSONS ACT, CAL. CIV. CODE § 54, *et seq.***

1    a video rather than simply read printed articles.  Deaf and hard of hearing visitors to CNN.com

2    would equally benefit from this experience if the videos contained a captioning option.

3        13. Deafness and hearing loss are among the most prevalent conditions thought to

4    constitute a disability.  Approximately 1 million Americans are functionally deaf, including

5    approximately 100,000 Californians.

6        14. Defendant captions the video content of its television broadcast programming, but it

7    refuses to caption its online news videos.  By refusing to caption its online news videos,

8    Defendant has knowingly violated its legal obligation to make its website business accessible

9    for millions of individuals who are deaf or hard of hearing, and has intentionally presented the

10   video content on CNN.com in a way that cannot be accessed by persons who are deaf or hard of

11   hearing.

12       15. Because Defendant has not complied with its legal obligations to provide captioning

13   on CNN.com, it excludes Californians who are deaf or hard of hearing from a wealth of critical

14   information regarding current events, which Defendant makes available to the hearing public.

15       16. Defendant's refusal to provide any captioned online video content on CNN.com

16   violates California's Unruh Civil Rights Act, Civil Code §51 *et seq.* (the "Unruh Act") and the

17   California Disabled Persons Act, California Civil Code §54 *et seq.* (the "CDPA").

18                                    **JURISDICTION**

19       17. This is an action for declaratory and injunctive relief and statutory damages under

20   the Unruh Civil Rights Act, Cal. Civ. Code §§51 *et seq*, and for declaratory relief and statutory

21   damages under the CDPA, Cal. Civ. Code §§54 *et seq*.  This Court has jurisdiction over the

22   claims alleged herein pursuant to Cal. Civ. Code, §§51, 52, Cal. Civ. Code §54.3.

23                                       **VENUE**

24       18. Venue is proper in Alameda County under California Code of Civil Procedure

25   §395.5 because liability arises in Alameda County.  Defendant has been and is committing the

26   acts alleged herein in Alameda County, has been and is violating the rights of persons with

27   disabilities in Alameda County, and has been and is causing injury to persons with disabilities

28   in Alameda County.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*GLAD et al. v. Time Warner, Inc.*
**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CAL. CIV.
CODE § 51, *et seq*., AND THE CALIFORNIA DISABLED PERSONS ACT, CAL. CIV. CODE § 54, *et seq*.**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   19. Plaintiff Daniel Jacob resides in Alameda County.

2   **PARTIES**

3   20. Plaintiff Daniel Jacob is an individual with a disability in that he is deaf. He is a

4   citizen of California and a resident of Alameda County.

5   21. Plaintiff Edward Kelly is an individual with a disability in that he is deaf. He is a

6   citizen of California.

7   22. Plaintiff Jennifer Olson is an individual with a disability in that she is deaf. She is a

8   citizen of California.

9   23. Plaintiff The Greater Los Angeles Agency on Deafness ("GLAD") is a non-profit

10   corporation duly organized under the laws of the State of California. GLAD's mission is to

11   ensure that the deaf and hard of hearing community in California has access to the same

12   opportunities as their hearing counterparts. GLAD provides direct services to deaf and hard of

13   hearing individuals and engages in advocacy and education. GLAD's services include

14   providing communication assistance, peer counseling, independent living skills education,

15   employment placement and health education.

16   24. GLAD has had to divert its organizational resources due to Defendant's

17   discriminatory conduct. Among other things, GLAD has expended staff time and resources

18   trying to inform deaf and hard of hearing persons of breaking news events that it would not

19   have had to expend if CNN.com provided captioning for its videos.

20   25. Defendant Time Warner, Inc. is a public company whose stock is traded on the New

21   York Stock Exchange under the symbol "TWX." It is duly incorporated under the laws of the

22   State of Delaware, with principal places of business in New York, New York, and Atlanta,

23   Georgia.

24   26. Plaintiffs seek full and equal access to CNN.com and enjoyment of the services

25   provided by CNN.com in California. CNN.com is owned and operated by Defendant.

26   **FACTS**

27   27. There are more than 1 million Americans who are functionally deaf, including more

28   than 100,000 Californians.

---

*GLAD et al. v. Time Warner, Inc.*
**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CAL. CIV.
CODE § 51, *et seq.*, AND THE CALIFORNIA DISABLED PERSONS ACT, CAL. CIV. CODE § 54, *et seq.***

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

28. Many individuals who are deaf or have significant hearing loss utilize captioning to understand video content.  Captioning displays dialogue, and may also identify who is speaking and include non-speech information conveyed through sound, such as sound effects, music and laughter.

29. Videos cannot be made accessible to many people with significant hearing loss by simply increasing the volume.  Many such persons simply cannot hear sound at various frequencies.  Therefore, even for those with some hearing, simply increasing the volume of speech is often insufficient to make speech understandable.  Many other persons have no hearing at all.

30. For these deaf and hard of hearing persons, captioning is often the only method by which they can fully understand the information contained in videos.

31. Defendant has systematically failed and refused to provide captions for its video content on CNN.com.

32. GLAD contacted Time Warner prior to this litigation and requested, on behalf of deaf and hard of hearing persons in California, that Time Warner provide captioning for its videos on CNN.com.  Time Warner refused this request and has therefore intentionally excluded deaf and hard of hearing visitors to CNN.com access to the videos offered to hearing visitors.

## EXPERIENCES OF NAMED PLAINTIFFS

33. Plaintiff Daniel Jacob is the Information Technology Specialist at the Deaf Counseling, Advocacy & Referral Agency (DCARA) in San Leandro, California.  In his professional capacity, Mr. Jacob ensures that all DCARA video outreach has closed captioning.  He visits CNN.com daily from computers at both his home and office.  Mr. Jacob is deaf and thus is excluded from using CNN.com's online videos as a news source.

34. Plaintiff Edward Kelly is the Regional Director of Orange County Deaf Equal Access Foundation, one of GLAD's outreach offices.  In his professional capacity, Mr. Kelly provides direct services to other deaf and hard of hearing individuals on a variety of issues

*GLAD et al. v. Time Warner, Inc.*
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CAL. CIV.
CODE § 51, *et seq.*, AND THE CALIFORNIA DISABLED PERSONS ACT, CAL. CIV. CODE § 54, *et seq.*

1   including employment counseling, interpreter referrals and help with public benefits. Mr. Kelly

2   visits CNN.com daily from computers at both his home and office. Because he is deaf, Mr.

3   Kelly is excluded from using CNN.com's online videos as a news source. In order to watch

4   videos with captioning, Mr. Kelly must wait until the news airs on television.

5       35. Plaintiff Jennifer Olson is the Deputy Director of GLAD. In her professional

6   capacity, Ms. Olson oversees all of GLAD's programs including the human services and health

7   programs. Additionally, Ms. Olson oversees GLAD's grant applications and participates in

8   GLAD's budgeting process. Ms. Olson heavily relies on the internet to conduct research for

9   her job. She regularly visits CNN.com in an effort to gather information relevant to her diverse

10  job duties. Ms. Olson was particularly interested in watching videos regarding the potential

11  government shutdown in April 2011 as it directly impacted GLAD's government services

12  programs. Because none of the videos on CNN.com concerning this topic were accessible to

13  her, Ms. Olson had to rely on only a part of CNN.com's content—specifically, the written text

14  presented separately from the videos.

15                          **CLASS ALLEGATIONS**

16      36. Pursuant to Code of Civil Procedure §382, Plaintiffs bring this action on behalf of

17  themselves and all other persons similarly situated. The class the named Plaintiffs seek to

18  represent is composed of all persons who are deaf or hard of hearing in California and require

19  captions to access the video content on CNN.com.

20      37. The persons in the class are so numerous that joinder of all such persons is

21  impractical and the disposition of their claims in a class action is a benefit to the parties and to

22  the Court.

23      38. There is a well-defined community of interest in the questions of law and fact

24  involved affecting the parties to be represented in that they, or their members, have been and

25  continue to be denied their civil rights to access the video content on CNN.com due to the lack

26  of captioning.

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

---

*GLAD et al. v. Time Warner, Inc.*
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CAL. CIV.
CODE § 51, *et seq.*, AND THE CALIFORNIA DISABLED PERSONS ACT, CAL. CIV. CODE § 54, *et seq.*

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

39. Common questions of law and fact predominate, including questions raised by Plaintiffs' allegations that Defendant does not provide access to CNN.com because it has failed and refused to caption the video content on CNN.com.

40. Claims of the named Plaintiffs are typical of the claims of the class as a whole because the named Plaintiffs are similarly affected by Defendant's failure to provide access to CNN.com.

41. The named Plaintiffs are adequate class representatives because they are directly affected by Defendant's failure to provide access to CNN.com. The interests of the named Plaintiffs are not antagonistic to, or in conflict with, the interests of the class as a whole. The attorneys representing the class are experienced in class action litigation, particularly on behalf of persons with disabilities.

42. Defendant has acted and/or failed to act on grounds generally applicable to the class by failing to provide captions for video content on CNN.com, thereby making appropriate final declaratory and/or injunctive relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

(Violation of California Civil Code §§ 51, *et seq.* – the Unruh Act)

43. Plaintiffs incorporate by reference the foregoing allegations as if set fully herein.

44. The Unruh Act, Cal. Civ. Code § 51, guarantees all people within the jurisdiction of California, no matter what their disabilities, the full and equal accommodations, advantages, facilities, privileges and services of all business establishments of every kind whatsoever.

45. Various individuals who receive services from GLAD, the individual named Plaintiffs and the proposed class are people with disabilities under Cal. Civ. Code §51.

46. CNN.com is a business establishment within the meaning of Cal. Civ. Code §§ 51, *et seq.*

47. Through CNN.com, Time Warner Inc. offers people within the jurisdiction of California the video content on the CNN.com website.

*GLAD et al. v. Time Warner, Inc.*
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE § 51, *et seq.*, AND THE CALIFORNIA DISABLED PERSONS ACT, CAL. CIV. CODE § 54, *et seq.*

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

48. Despite being placed on notice that the lack of captioning on CNN.com excludes deaf and hard of hearing patrons from much of the benefits and advantages of the website, Defendant has continued to post videos on CNN.com without any form of captioning.

49. Because of Defendant's refusal to caption the videos on CNN.com, Californians who are deaf or hard of hearing have been denied full and equal access to CNN.com's video content, have not been provided services that are provided to other Californians who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled Californians.  These violations are ongoing.  Defendant's failure and refusal to correct the barriers to full and equal access to its video content for Plaintiffs and the putative class constitutes intentional discrimination.

50. Defendant's actions were and are in violation of the Unruh Act.

51. Plaintiffs are thus entitled to injunctive relief remedying the discrimination, pursuant to Cal. Civ. Code §52.

52. Plaintiffs are also entitled to statutory damages under Cal. Civ. Code §52.

53. Cal. Civ. Code § 52 further entitles Plaintiffs to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

### SECOND CAUSE OF ACTION

(Violation of Cal. Civ. Code §§ 54, *et seq.* – the California Disabled Persons Act)

54. Plaintiffs incorporate by reference the foregoing allegations as if set fully herein.

55. The California Disabled Persons Act, Cal. Civ. Code §§ 54 and 54.1 guarantees people with disabilities full and free use of all public places and full and equal access to all places to which the public is invited.

56. Time Warner is violating the right of deaf and hard of hearing persons to full and equal access to public places by denying full and equal access to CNN.com.

57. CNN.com constitutes a "public place" within the meaning of the CDPA, Cal. Civ. Code § 54.1.  By failing to provide any form of captioning, the areas of CNN.com that offer video content are inaccessible to patrons who are deaf and hard of hearing.

58. The actions of Defendant were and are in violation of the CDPA.

*GLAD et al. v. Time Warner, Inc.*
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CAL. CIV.
CODE § 51, *et seq.*, AND THE CALIFORNIA DISABLED PERSONS ACT, CAL. CIV. CODE § 54, *et seq.*

59. Plaintiffs are thus entitled to statutory minimum damages for each offense, and to declaratory relief, under Cal. Civ. Code § 54.3.

60. Plaintiffs are also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

### THIRD CAUSE OF ACTION

(Declaratory Relief, Code Civ. Proc. § 1060)

61. Plaintiffs incorporate by reference the foregoing allegations as if set fully herein.

62. Plaintiff Kelly, Jacob and Olson and the Organizational Plaintiffs contend that CNN.com, which Time Warner owns, operates, and/or controls, must provide deaf and hard of hearing people full and equal access to its website contents and services under California Civil Code §§ 51, *et seq.* and California Civil Code §§ 54, *et seq.*, which prohibit discrimination against people who are deaf and hard of hearing. Defendant Time Warner contends that it may lawfully deny people who are deaf and hard of hearing full and equal access to CNN.com and its contents.

63. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

### RELIEF REQUESTED

64. A declaration that Defendant is violating the Unruh Act, Cal. Civ. Code §§51 and 52 and the California Disabled Persons Act, Cal. Civ. Code §§54 and 54.3, by failing to provide captioning to communicate video content on CNN.com to deaf and hard of hearing individuals in California;

65. A preliminary and permanent injunction, prohibiting Defendant from continuing to violate section 51 of the Unruh Act in California, and requiring Defendant to take steps necessary to ensure that the benefits and advantages offered by CNN.com are fully and equally enjoyable to persons who are deaf or have hearing loss in California;

66. Damages in an amount to be determined by proof, including applicable statutory damages pursuant to Cal. Civ. Code §52 or Cal. Civ. Code § 54.3, *see* Cal. Civ. Code § 54.3 (c)

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    ("A person may not be held liable for damages pursuant to both [Section54.3] and Section 52

2    for the same act or failure to act.");

3           67. Plaintiffs' reasonable attorneys' fees, expenses, and costs of suit as provided for by

4    law, including Cal. Civ. Code §§ 52 and 54.3 and Cal. Code Civ. Pro. § 1021.5, to be paid for

5    by Defendant;

6           68. Such other and further relief as the Court deems just and proper.

7

8    Dated: June 15, 2011                            Respectfully Submitted,

9                                                    DISABILITY RIGHTS ADVOCATES

10

11                                                   By: _____

12                                                        Laurence W. Paradis

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*GLAD et al. v. Time Warner, Inc.*
**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CAL. CIV.
CODE § 51, *et seq*., AND THE CALIFORNIA DISABLED PERSONS ACT, CAL. CIV. CODE § 54, *et seq*.**

**EXHIBIT B**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Laurence W. Paradis
Disability Rights Advocates
2001 Center St, Fourth Floor
Berkeley, CA 94704

TELEPHONE NO.: 510-665-8644    FAX NO.: 510-665-8511

ATTORNEY FOR *(Name):* Greater Los Angeles Agency on Deafness, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street, Room 109
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME:
GLAD, et al., v. Time Warner, Inc.

ENDORSED
FILED
ALAMEDA COUNTY

JUN 1~~5~~ 2011

CLERK
~~RG11580682~~ Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*  3 - Civ. Code § 51; Civ. Code § 54; Declaratory Relief
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 15, 2011

Laurence W. Paradis
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov American LegalNet, Inc. www.FormsWorkflow.com |
|---|---|---|

Exhibit B

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: GLAD, et al., v. Time Warner, Inc. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| ☒ Oakland, Rene C. Davidson Alameda County Courthouse  (446) | [  ] Hayward Hall of Justice  (447)<br>[  ] Pleasanton, Gale-Schenone Hall of Justice  (448) |
|---|---|

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ]   34   Auto tort (G)<br>**Is this an uninsured motorist case?  [ ] yes  [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ]   75   Asbestos (D) |
| | Product liability (24) | [ ]   89   Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ]   97   Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ]   33   Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ]   79   Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | ☒   80   Civil rights (G) |
| | Defamation (13) | [ ]   84   Defamation (G) |
| | Fraud (16) | [ ]   24   Fraud (G) |
| | Intellectual property (19) | [ ]   87   Intellectual property (G) |
| | Professional negligence (25) | [ ]   59   Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ]   03   Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ]   38   Wrongful termination (G) |
| | Other employment (15) | [ ]   85   Other employment (G) |
| | | [ ]   53   Labor comm award confirmation |
| | | [ ]   54   Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ]   04   Breach contract / Wrnty (G) |
| | Collections (09) | [ ]   81   Collections (G) |
| | Insurance coverage (18) | [ ]   86   Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ]   98   Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ]   18   Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ]   17   Wrongful eviction (G) |
| | Other real property (26) | [ ]   36   Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ]   94   Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [ ]   47   Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ]   21   Unlawful detainer - drugs   **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ]   41   Asset forfeiture |
| | Petition re: arbitration award (11) | [ ]   62   Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ]   49   Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes   [ ] No** |
| | Other judicial review (39) | [ ]   64   Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ]   77   Antitrust / Trade regulation |
| | Construction defect (10) | [ ]   82   Construction defect |
| | Claims involving mass tort (40) | [ ]   78   Claims involving mass tort |
| | Securities litigation (28) | [ ]   91   Securities litigation |
| | Toxic tort / Environmental (30) | [ ]   93   Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ]   95   Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ]   19   Enforcement of judgment |
| | | [ ]   08   Confession of judgment |
| Misc Complaint | RICO (27) | [ ]   90   RICO (G) |
| | Partnership / Corp. governance (21) | [ ]   88   Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ]   68   All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ]   06   Change of name |
| | | [ ]   69   Other petition |

**EXHIBIT C**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
FILED
ALAMEDA COUNTY

JUN 1   2011

CLERK
by ~~Dunn Paulos~~
Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Time Warner, Inc., a Delaware Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Greater Los Angeles Agency on Deafness, Inc., Daniel Jacob, Edward Kelly, and Jennifer Olson, on behalf of themselves and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Alameda County Superior Court<br>*(El nombre y dirección de la corte es):*<br>1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>**11 580 682** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Laurence W. Paradis, Disability Rights Advocates, 2001 Center Street, Fourth Floor, Berkeley, CA 94704

| | | | |
|---|---|---|---|
| DATE: JUN 1 5 2011<br>*(Fecha)* | Pat S. Sweeten<br>(Executive Officer/Clerk of the Superior...) | Clerk, by ~~Dunn Paulos~~<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Time Warner, Inc.
under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhbit C

**EXHIBIT D**

1  DISABILITY RIGHTS ADVOCATES
   LAURENCE W. PARADIS (CA BAR NO. 122336)
2  lparadis@dralegal.org
   ANNA LEVINE (CA BAR NO. 227881)
3  alevine@dralegal.org
   ELIZABETH LEONARD (CA BAR NO. 274757)
4  eleonard@dralegal.org
   2001 Center Street, Fourth Floor
5  Berkeley, California 94704-1204
   Tel:   (510) 665-8644
6  Fax:   (510) 665-8511
   TTY:   (510) 665-8716
7

8  GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
   LINDA M. DARDARIAN (CA BAR NO. 131001)
9  ldardarian@gdblegal.com
   RACHEL E. BRILL (CA BAR NO. 233294)
10 rbrill@gdblegal.com
   300 Lakeside Drive, Suite 1000
11 Oakland, CA 94612
   Tel: 510-763-9800
12 Fax: 510-835-1417

13 PETER BLANCK (To seek application *pro hac vice*)
   pblanck@syr.edu
14 900 S. Crouse Avenue
   Crouse-Hinds Hall, Suite 300
15 Syracuse, New York. 13244-2130

16 Attorneys for Plaintiffs

17

18        **IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

19               COUNTY OF ALAMEDA

20 GREATER LOS ANGELES AGENCY ON
   DEAFNESS, INC., DANIEL JACOB,
21 EDWARD KELLY AND JENNIFER          Case No.        **11580682**
   OLSON, on behalf of themselves and all
22 others similarly situated,                         **PROOF OF SERVICE**

23

24               Plaintiffs,

25 v.

26 TIME WARNER, INC., a Delaware
   Corporation,
27
               Defendant.
28

Exhibit D

**PROOF OF SERVICE**

I, Bina Patel, hereby declare:

I am over the age of 18 years and not a party to or interested in the within entitled cause. I am an employee of Disability Rights Advocates and my business address is 2001 Center Street, Fourth Floor, Berkeley, California, 94704-1204. On the date stated below, I served a true copy of:

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE § 51, *et seq.*, AND THE CALIFORNIA DISABLED PERSONS ACT, CAL. CIV. CODE § 54, *et seq.***

on the parties through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below for service as designated below:

A.    **By Hand Delivery**: I caused each such envelope to be delivered during normal business hours to the office of the address below on June 15, 2011.

| Service | Addressee |
|---------|-----------|
| A | Superior Court of California, County of Alameda 1225 Fallon Street Oakland, CA 94612 |

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at Berkeley, California, on June 15, 2011.

_____
Bina Patel

\\Server\cases\GLAD.Time_Warner\Pleadings\POS\POS_6.15.11.doc

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644



**EXHIBIT E**

Disability Rights Advocates
Attn: Paradise, Laurence W.
2001 Center Street
Fourth Floor
Berkeley, CA   94704

Time Warner,Inc.

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

Greater Los Angeles Agency on Deafness,
                                Plaintiff/Petitioner(s)
                  VS.

Time Warner,Inc.
                                Defendant/Respondent(s)
                (Abbreviated Title)

No. <u>RG11580682</u>

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 07/25/2011   TIME: 03:00 PM   DEPARTMENT: 17
LOCATION: Administration Building, Third Floor
            1221 Oak Street, Oakland

Case Management Conference:
DATE: 09/06/2011   TIME: 03:00 PM   DEPARTMENT: 17
LOCATION: Administration Building, Third Floor
            1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 17 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6933. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 17.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by emailing them to the following address:
**EDelivery@alameda.courts.ca.gov**. No fee is charged for this service. For further information,

Exhibit E

go to **Direct Calendar Departments** at **http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 17.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 17 by e-mail at Dept.17@alameda.courts.ca.gov or by phone at (510) 267-6933.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  06/16/2011                                    Executive Officer / Clerk of the Superior Court

By

Digtal
_____
Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/16/2011.

By

Digtal
_____
Deputy Clerk

**EXHIBIT F**

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Laurence W. Paradis (State Bar No. 122336)<br>Disability Rights Advocates<br>2001 Center Street, Berkeley, CA 94704<br> TELEPHONE NO.: 510-665-8644     FAX NO. *(Optional)*: 510-665-8511<br> E-MAIL ADDRESS *(Optional)*: lparadis@dralegal.org<br> ATTORNEY FOR *(Name)*: Greater Los Angeles Agency on Deafness, Inc. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street, Room 109
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER:   Greater Los Angeles Agency on Deafness Inc., et al.,

DEFENDANT/RESPONDENT: Time Warner, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG11580682 |
|---|---|

TO *(insert name of party being served)*: Thomas R. Burke

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 24, 2011

Bina Patel
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify)*:
       A copy of the Civil Case Cover Sheet.


*(To be completed by recipient)*:

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit F

www.accesslaw.com

**EXHIBIT G**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Laurence W. Paradis (State Bar No. 122336)<br>Disability Rights Advocates<br>2001 Center Street, Berkeley, CA 94704<br><br>TELEPHONE NO.: 510-665-8644     FAX NO. *(Optional):* 510-665-8511<br>E-MAIL ADDRESS *(Optional)*: lparadis@dralegal.org<br>ATTORNEY FOR *(Name):* Greater Los Angeles Agency on Deafness, Inc. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street, Room 109
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER:   Greater Los Angeles Agency on Deafness Inc., et al.,

DEFENDANT/RESPONDENT: Time Warner, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG11580682 |
|---|---|

TO *(insert name of party being served):* Thomas R. Burke

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 24, 2011

Bina Patel
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑  A copy of the summons and of the complaint.
2. ☑  Other *(specify):*
      A copy of the Civil Case Cover Sheet.

*(To be completed by recipient):*

Date this form is signed:

Thomas R. Burke
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Thomas R Burke
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]
**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Exhibit G

www.accesslaw.com