THOMAS R. BURKE (CA State Bar No. 141930)
JEFF GLASSER (CA State Bar No. 252596)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com; jeffglasser@dwt.com

JANET L. GRUMER (State Bar No. 232723)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899
Email: janetgrumer@dwt.com

RONALD LONDON (Admitted *Pro Hac Vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue N.W., Suite 800
Washington DC 20006-3401
Telephone: (202) 973-4200
Facsimile: (202) 973-4499
Email: ronaldlondon@dwt.com

Attorneys for Defendant
CABLE NEWS NETWORK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GREATER LOS ANGELES AGENCY ON DEAFNESS, INC., DANIEL JACOB, EDWARD KELLY and JENNIFER OLSON, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>      vs.<br><br>TIME WARNER, INC., a Delaware Corporation,<br><br>        Defendant. | Case No. **CV 11-03458-LB**<br><br>**DEFENDANT CABLE NEWS NETWORK, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT**<br><br>Date:   February 2, 2012<br>Time:  11:00 a.m.<br><br>Assigned to the Hon. Laurel Beeler<br>Courtroom 4<br><br>Action Filed:  June 15, 2011<br><br>Action Removed:  July 14, 2011 |

# TABLE OF CONTENTS

Page

1.    INTRODUCTION ............................................................................... 1

2.    CNN SATISFIES THE FIRST PRONG OF THE ANTI-SLAPP STATUTE. ................. 3

    A.    The Ninth Circuit And California Supreme Court Consistently Have Broadly Construed The anti-SLAPP Statute............................................. 3

    B.    The Legislative History of the anti-SLAPP Statute Confirms The Legislative Intent To Broadly Protect Communicative And Noncommunicative Conduct In Furtherance Of Speech. ........................ 7

    C.    The Lawsuit Arises From CNN's Acts In Furtherance Of Speech. ............. 10

        1.    Plaintiffs' Lawsuit Is Based On CNN's Speech On The Internet. ....................................................................................... 10

        2.    CNN's Decision Not To Use Closed-Captioning Technology That Does Not Satisfy CNN's Editorial Standards Is An Act In Furtherance Of Free Speech That Comes Within The anti-SLAPP Statute. ...................................................... 12

        3.    Plaintiffs Rely On Unpublished, Non-Binding District Court Opinions That Feature Flawed anti-SLAPP Analysis. ........................... 14

        4.    The Cases Where Courts Found That Defendants Did Not Meet The "Arising From" Requirement Did Not Involve A News Organization's Free Speech Activities............................................. 15

3.    CONCLUSION..................................................................................... 17

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER, INC.
CASE NO. CV 11-03458-LB
DWT 18811396v2 0026517-000132

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA  94111-3611
(415) 276-6500
Fax: (415) 276-6599

# TABLE OF AUTHORITIES

Page

CASES

Alexander v. A&E Television Networks, LLC,
    2011 U.S. Dist. LEXIS 99913 (E.D. Cal. September 6, 2011) ................................................ 14

All One God Faith, Inc. v. Organic & Sustainable Industry Standards,
    183 Cal. App. 4th 1186 (2010) ................................................................................................ 16

American Broadcasting Cos. v. Cuomo,
    570 F.2d 1080 (2d Cir. 1977) .................................................................................................. 14

Anderson v. Cryovac,
    805 F.2d 1 (1st Cir. 1986) ....................................................................................................... 14

Braun v. Chronicle Publishing Co.,
    52 Cal. App. 4th 1036 (1997) .................................................................................................. 10

Briggs v. Eden Council for Hope & Opportunity,
    19 Cal. 4th 1106 (1999) ..................................................................................................... passim

California Teachers Ass'n v. Governing Bd. of Rialto Unified School Dist.,
    14 Cal. 4th 627 (1997) ............................................................................................................... 6

City of Cotati v. Cashman, et al.,
    29 Cal. 4th 69 (2002) ................................................................................................................. 7

Club Members For An Honest Election v. Sierra Club,
    45 Cal. 4th 309 (2008) ......................................................................................................... 4, 15

Doe v. Gangland Prods., Inc.,
    2011 U.S. Dist. LEXIS 89472 ...................................................................................... 8, 11, 14, 15

Duncan v. Cohen,
    2008 U.S. Dist. LEXIS 109342 (N.D. Cal. July 22, 2008)................................................. 14, 15

Episcopal Church Cases,
    45 Cal. 4th 467 (2009) ............................................................................................................. 15

Equilon Enterprises v. Consumer Cause, Inc.,
    29 Cal. 4th 53 (2002) ......................................................................................................... passim

Four Navy Seals v. Associated Press,
    413 F. Supp. 2d 1136 (S.D. Cal. 2005)................................................................................... 11

Hilton v. Hallmark Cards,
    599 F.3d 894 (9th Cir. 2010) ......................................................................................... 3, 4, 5, 7

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA  94111-3611
(415) 276-6500
Fax: (415) 276-6599

*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*,
    129 Cal. App. 4th 1228 (2005) ........................................................................... 10

*Ingels v. Westwood One Broad. Servs., Inc.*,
    129 Cal. App. 4th 1050 (2005) ........................................................................... 13

*Integrated Healthcare Holdings v. Fitzgibbons*,
    140 Cal. App. 4th 515 (2006) ............................................................................. 5

*Jarrow Formulas, Inc. v. LaMarche*,
    31 Cal. 4th 728 (2003) ...................................................................................... 3

*Jespersen v. Zubiate-Beauchamp*,
    114 Cal. App. 4th 624 (2003) ............................................................................. 16

*Kearney v. Foley & Lardner LLP*,
    590 F.3d 638 (9th Cir. 2009) .............................................................................. 11

*Kibler v. Northern Inyo County Local Hospital Dist.*,
    39 Cal. 4th 192 (2006) ...................................................................................... 4

*Kronemyer v. Internet Movie Data Base, Inc.*,
    150 Cal. App. 4th 941 (2007) ..................................................................... 2, 12, 13

*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*,
    37 Cal. App. 4th 855 (1995) ............................................................................... 10

*Lieberman v. KCOP Television*,
    110 Cal. App. 4th 156 (2003) ......................................................................... 12, 13

*M.G. v. Time Warner, Inc.*,
    89 Cal. App. 4th 623 (2001) ............................................................................... 10

*Manufactured Home Communities, Inc. v. County of San Diego*,
    655 F.3d 1171 (9th Cir. 2011) ............................................................................. 3

*Mindys Cosmetics, Inc. v. Dakar*,
    611 F.3d 590 (9th Cir. 2010) .............................................................................. 3

*Navellier v. Sletten*,
    29 Cal. 4th 82 (2002) .................................................................................. passim

*Nygard, Inc. v. Uusi-Kerttula*,
    159 Cal. App. 4th 1027 (2008) ............................................................................ 5

*Paul for Council v. Hanyecz*,
    85 Cal. App. 4th 1356 (2001), overruled ................................................................ 5

*Rivero v. American Federation Of State, County & Municipal Employees*,
    105 Cal. App. 4th 913 (2003) ............................................................................. 5

iii

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER, INC.
CASE NO. CV 11-03458-LB
DWT 18811396v2 0026517-000132

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-3611
(415) 276-6500
Fax: (415) 276-6599

*Simpson Strong-Tie Co., Inc. v. Gore,*
    49 Cal. 4th 12 (2010) ............................................................................... 4

*Sipple v. Foundation for Nat'l Progress,*
    71 Cal. App. 4th 226 (1999) ...................................................................... 10

*Soukop v. Law Offices of Herbert Hafif,*
    39 Cal. 4th 260 (2006) ............................................................................... 4

*Stewart v. Rolling Stone LLC,*
    181 Cal. App. 4th 664 (2010) ............................................................... 10, 11

*Taus v.* Loftus,
    40 Cal. 4th 683 (2007) .............................................................................. 11

*Terry v. Davis Community Church,*
    131 Cal. App. 4th 1534 (2005) .................................................................. 11

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.,*
    190 F.3d 963 (1999) .................................................................................... 3

*Vargas v. City of Salinas,*
    46 Cal. 4th 1 (2009) .................................................................................... 4

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ..................................................................... 3

*Weinberg v. Feisel,*
    110 Cal. App. 4th 1122 (2003) .................................................................... 5

*Westinghouse Broadcasting v. Dukakis,*
    409 F. Supp. 895 (D. Mass. 1976) ............................................................ 14

*Zhao v. Wong,*
    48 Cal. App. 4th 1114 (1996) ...................................................................... 8

**STATUTES**

California Business & Professions Code § 17200 ......................................... 13

California Code of Civil Procedure § 425.16 ......................................... passim

California Code of Civil Procedure § 425.16(a) .............................. 1, 3, 7, 8

California Code of Civil Procedure § 425.16(b)(1) ........................................ 1

California Code of Civil Procedure § 425.16(b)(2) ........................... 2, 6, 7, 14

California Code of Civil Procedure § 425.16(e)(4) ............................... 1, 4, 9

iv

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER, INC.
CASE NO. CV 11-03458-LB
DWT 18811396v2 0026517-000132

**DAVIS WRIGHT TREMAINE** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA  94111-3611
(415) 276-6500
Fax: (415) 276-6599

California Code of Civil Procedure § 425.17 ................................................................ 15

**CONSTITUTIONAL PROVISIONS**

United States Constitution, First Amendment ........................................... 11, 13, 14, 17

**OTHER AUTHORITIES**

Senate Bill 1296 ...................................................................................................... 8, 9

v

**DAVIS WRIGHT TREMAINE** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-3611
(415) 276-6500
Fax: (415) 276-6599

At the Court's invitation, Defendant Cable News Network, Inc. ("CNN") respectfully submits this supplemental brief regarding "prong one" of California's anti-SLAPP statute (Code of Civil Procedure Section 425.15), in support of its Special Motion to Strike Plaintiffs Greater Los Angeles Agency on Deafness, Inc., Daniel Jacob, Edward Kelly, and Jennifer Olson's ("Plaintiffs'") Complaint.

## 1.      INTRODUCTION

The narrow reading of the anti-SLAPP statute offered by Plaintiffs is prohibited by explicit statutory language and by binding precedent from both the Ninth Circuit and the California Supreme Court.  In 1997, in response to concerns that the anti-SLAPP statute was being applied more narrowly than intended, the California Legislature amended the statute to expressly provide that it "shall be construed broadly." Cal. Civ. Proc. Code § 425.16 (a).  *See* concurrently filed Request for Judicial Notice and Supplemental Declaration of Thomas R. Burke & Ex. A (attaching legislative history).  Consistent with this broad interpretation, this Court should find that Plaintiff's Complaint satisfies prong one of the anti-SLAPP statute for the following three reasons.

*First*, Plaintiffs' claims unquestionably "aris[e] from" CNN's constitutionally-protected free speech rights "in furtherance of" its publication of news videos on CNN.com. Cal. Civ. Proc. Code § 425.16 (b)(1).  Millions of people access CNN's news videos to learn about important news developments of the day.  News entities like CNN routinely assert– and enjoy the protection provided by – the anti-SLAPP statute because their business involves reporting and publishing news, and such activity is protected by the anti-SLAPP statute's protection of "conduct in furtherance of the exercise of the constitutional right … of free speech in connection with a public issue or an issue of public interest." Cal. Civ. Proc. Code § 425.16 (b)(1), (e)(4).  Even if the Court were to narrowly interpret the acts underlying Plaintiffs' claims as involving CNN's "mechanical" delivery of captioned news content to its online viewers, this purportedly benign construction urged by Plaintiffs would not avoid the anti-SLAPP statute.  The uncontradicted evidence shows that CNN acted in furtherance of its free speech rights – and out of concern that the disabled receive accurate translations of the news – when it decided not to unilaterally adopt

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA  94111-3611
(415) 276-6500
Fax: (415) 276-6599

closed captioning technology for Internet videos that could compromise the accuracy of information in CNN's news videos. *See* Reply Declaration of Clyde D. Smith ¶¶ 8-10; *see also Kronemyer v. Internet Movie Data Base, Inc.*, 150 Cal. App. 4th 941, 947 (2007) (web site could not be compelled to provide content with errors in it; such a lawsuit was subject to the anti-SLAPP statute).

*Second*, CNN's interpretation of prong one of the anti-SLAPP statute is supported by binding decisions of the Ninth Circuit and California Supreme Court that require the statute to be broadly construed. *See* Section 2.A, *infra.* The decisions of these courts are consistent with both the express language and legislative history of the anti-SLAPP statute – particularly as the statute was amended in 1997 – that make plain an entity's speech and/or conduct in furtherance of its speech fit within the statute's broad confines. *See* Section 2.B, *infra.*

*Third*, Plaintiffs' impermissibly narrow interpretation of the anti-SLAPP only finds support in unpublished district court opinions that have no precedential value and are flawed in their anti-SLAPP analysis or that did not involve a news organization's free speech activities. *See* Sections 3 & 4, *infra.*

Rather than seek industry-wide reforms through the FCC's rulemaking process or include a broad spectrum of news entities as defendants to this lawsuit, Plaintiffs single out CNN alone to be required to use captioning technology that is not only incompatible with CNN's editorial standards but which also imposes discriminatory costs on CNN's speech not borne by its news competitors. Given the serious concerns about the constitutional issues raised by Plaintiff's lawsuit that this Court articulated at the December 1, 2011, hearing, there can be no question that CNN satisfies prong one of the anti-SLAPP statute. *See* Cal. Civ. Proc. § 425.16 (b) (2) ("In making its determination [as to whether the anti-SLAPP statute applies and should be granted], the court *shall consider* the pleadings, and supporting *and opposing affidavits stating the facts upon which the liability or defense is based.*") (emphasis added); *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002) (quoting Cal. Civ. Proc. Code § 425.16 (b)(2)). Under these circumstances, it is impossible to conclude that Plaintiffs' claims are not based on CNN's conduct arising from and in furtherance of its free speech rights fully protected by the anti-SLAPP statute.

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA  94111-3611
(415) 276-6500
Fax: (415) 276-6599

1    For all these reasons and for the reasons set forth in the earlier briefing, CNN respectfully

2    requests that the Court grant CNN's anti-SLAPP Motion and strike Plaintiffs' Complaint.

3    **2.      CNN SATISFIES THE FIRST PRONG OF THE ANTI-SLAPP STATUTE.**

4    **A.      The Ninth Circuit And California Supreme Court Consistently Have Broadly**

5    **Construed The anti-SLAPP Statute.**

6    The Ninth Circuit, sitting in diversity, consistently has held, in decisions that are binding

7    on this Court, that the anti-SLAPP statute must be "construed broadly," and that the statute

8    extends to a broad range of conduct in furtherance of speech on matters of interest to the public.

9    *Hilton v. Hallmark Cards*, 599 F.3d 894, 906 (9th Cir. 2010).  *Accord Mindys Cosmetics, Inc. v.*

10   *Dakar*, 611 F.3d 590, 595 (9th Cir. 2010) ("we follow the California legislature's direction that

11   the anti-SLAPP statute be 'construed broadly'"); *Manufactured Home Communities, Inc. v.*

12   *County of San Diego*, 655 F.3d 1171, 1176 (9th Cir. 2011) ("[t]he legislature instructed courts that

13   the statute 'shall be construed broadly'"); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109-

14   1110 (9th Cir. 2003) (noting that "California and federal courts have repeatedly permitted

15   defendants to move to strike under the anti-SLAPP statute despite the fact that they were neither

16   small nor championing individual interests," and finding lawsuit came within anti-SLAPP statute

17   where defendants engaged in advocacy activities concerning promoting sales of Ritalin,

18   "particularly in light of the statutory directive that it be 'construed broadly'"); *United States ex*

19   *rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971 (1999) (noting that anti-

20   SLAPP statute must be "construed broadly").

21   The California Supreme Court requires the same.  It has set forth these same basic

22   principles in many cases where it has broadly construed the anti-SLAPP statute and applied it to a

23   variety of conduct and speech. *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th

24   1106, 1121-1122 (1999) (tracing the legislative history of the broad construction amendment to

25   the anti-SLAPP statute in 1997 and using these principles to find the anti-SLAPP statute applied);

26   *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 61 (2002) (requiring defendant to

27   show "intent to chill" for anti-SLAPP statute to apply violates broad construction mandate in

28   Code of Civil Procedure § 425.16(a)); *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 735

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER, INC.
CASE NO. CV 11-03458-LB
DWT 18811396v2 0026517-000132

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA  94111-3611
(415) 276-6500
Fax: (415) 276-6599

1  (2003) (adhering to the "express statutory command" that the anti-SLAPP statute be "construed

2  broadly"); *Navellier*, 29 Cal. 4th at 91 (explaining that the anti-SLAPP statute does not exclude

3  any particular type of cause of action from its operation, and refusing to adopt plaintiffs' request

4  to exclude contract and fraud causes of action from the anti-SLAPP statute's ambit because it

5  "would contravene the Legislature's express command that section 425.16 'shall be construed

6  broadly'"); *Soukop v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260, 279 (2006) ("the Legislature

7  has directed that the statute 'be construed broadly.' To this end, when construing the anti-SLAPP

8  statute, '[w]here possible, we follow the Legislature's intent, as exhibited by the plain meaning of

9  the actual words of the law...") (internal citations omitted); *Kibler v. Northern Inyo County Local*

10  *Hospital Dist.*, 39 Cal. 4th 192, 199 (2006) (following the Legislature's requirement that the

11  courts must "broadly construe" the anti-SLAPP statute, and applying it to hospital peer review

12  proceedings); *Club Members For An Honest Election v. Sierra Club*, 45 Cal. 4th 309, 318 (2008)

13  (because anti-SLAPP statute must be construed broadly, exemption for cases brought purely in

14  the public interest was construed narrowly to conform with legislative intent); *Vargas v. City of*

15  *Salinas*, 46 Cal. 4th 1, 19 (2009) (noting that after courts narrowly interpreted anti-SLAPP statute,

16  Legislature passed amendment in 1997 clarifying its intent that statute be interpreted broadly, and

17  using a broad interpretation to find that the anti-SLAPP statute applied to claims against

18  government officials); *Simpson Strong-Tie Co., Inc. v. Gore*, 49 Cal. 4th 12, 21-22 (2010)

19  (recognizing that anti-SLAPP statute must be "construed broadly," and in turn interpreting

20  commercial speech exemption to anti-SLAPP statute narrowly to conform with legislative intent).

21  *See also Hilton*, 599 F.3d at 905 ("we must begin with the pronouncements of the state's highest

22  court, which bind us" in a diversity case).

23    *Hilton* is instructive. In that case, the Ninth Circuit recognized that the defendant's

24  "threshold showing" was to establish "that the act or acts of which the plaintiff complains were

25  taken in furtherance of the [defendant's] right to petition or free speech under the United States or

26  California Constitution in connection with a public issue [or an issue of public interest]." *Id.* at

27  903 (quoting *Equilon Enterprises*, 29 Cal. 4th at 67) (brackets in original). The Ninth Circuit

28  further explained that "[b]y its terms, this language includes not merely actual exercises of free

4

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER, INC.
CASE NO. CV 11-03458-LB
DWT 18811396v2 0026517-000132

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-3611
(415) 276-6500
Fax: (415) 276-6599

1  speech rights but also conduct that furthers such rights." *Id.* (quoting Cal. Civ. Proc. Code

2  § 425.16(e)(4)). The Court observed that some California courts had not even bothered to discuss

3  the "conduct" part of the showing in finding, for example, that an email message was "in

4  furtherance" of free speech rights or even that campaign money laundering was in furtherance of

5  political speech (although it was an invalid exercise of speech because it was obviously illegal).

6  *Id.* (citing *Integrated Healthcare Holdings v. Fitzgibbons*, 140 Cal. App. 4th 515, 525-526 (2006)

7  and *Paul for Council v. Hanyecz*, 85 Cal. App. 4th 1356, 1366 (2001), overruled in part on other

8  grounds in *Equilon Enterprises*, 29 Cal. 4th at 68).   These examples of "conduct" that fits within

9  the anti-SLAPP statute prompted the Ninth Circuit to declare that "***the courts of California have***

10 ***interpreted this piece of the defendant's threshold showing rather loosely***." *Id.* at 904 (emphasis

11 added).  Hence, in *Hilton*, Hallmark's acts of creating stylized messages on greeting cards that

12 buyers could personalize qualified as "conduct" in furtherance of free speech within the meaning

13 of the anti-SLAPP statute. *Id.* at 904-905.

14         The Ninth Circuit also gave a broad interpretation to the "public issue or issue of public

15 interest" requirement in conformance with the express statutory intent of the California

16 Legislature, as reflected in the California Supreme Court cases on the subject. *Id.* at 905-906

17 (quoting *Equilon Enterprises*, 29 Cal. 4th at 61; *Navellier*, 29 Cal. 4th at 91; *Briggs*, 19 Cal. 4th at

18 1121-1122).  The Ninth Circuit noted that one California court of appeal had concluded that "'an

19 issue of public interest' … is *any issue in which the public is interested*." *Id.* at 907 (quoting

20 *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1042 (2008) (emphasis in original).

21 Another court had framed the public issue requirement as extending to "conduct that could

22 directly affect a large number of people beyond the direct participants" or to "a topic of

23 widespread, public interest." *Id.* at 906 (quoting *Rivero v. American Federation Of State, County*

24 *& Municipal Employees*, 105 Cal. App. 4th 913, 924 (2003)).  A third court has stated that "a

25 matter of public interest should be of concern to a substantial number of people" and a connection

26 should be shown between the conduct and the public interest. *Id.* at 906-907 (quoting *Weinberg v.*

27 *Feisel*, 110 Cal. App. 4th 1122, 1133 (2003)).  Under any of these tests, consistent with the

28

5

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER, INC.
CASE NO. CV 11-03458-LB
DWT 18811396v2 0026517-000132

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA  94111-3611
(415) 276-6500
Fax: (415) 276-6599

1    statute's broad construction requirement, CNN's publication of news videos accessed by millions

2    of people is protected by the anti-SLAPP statute.

3         The California Supreme Court repeatedly and consistently has rejected attempts to narrow

4    the scope of the anti-SLAPP statute. In *Briggs*, 19 Cal. 4th at 1118, the 1999 case in which the

5    California Supreme Court first considered the anti-SLAPP statute after the 1997 broad

6    construction amendment, the Court refused to impose a requirement that defendants show that

7    plaintiff's action was not brought in the public interest. As a matter of "public policy," a narrow

8    construction of the statute "would serve Californians poorly," the Court held.[1]   Three years later,

9    in three decisions decided the same day, the Court further expanded the parameters of prong one

10   of the anti-SLAPP statute. In *Equilon Enterprises*, 29 Cal. 4th at 59-61, the California Supreme

11   Court rejected the claim by Plaintiffs that the anti-SLAPP statute applied only when the defendant

12   could show that plaintiffs brought the lawsuit with an intent to chill speech or conduct in

13   furtherance of speech. As the Court explained:

14       The Legislature recognized that 'all kinds of claims could achieve the objective of
         a SLAPP suit – to interfere with and burden the defendant's exercise of his or her
15       rights.' [Citation omitted.] For us to bar use of the anti-SLAPP device against
         nonmeritorious ***speech-burdening claims*** whenever a defendant cannot prove the
16       plaintiff's improper intent would fly in the face of that legislative recognition.

17   *Id.* at 60 (emphasis added).   Similarly, in *Navellier*, 29 Cal. 4th at 91-92, the Court rejected

18   plaintiff's assertion that breach of contract and fraud claims were not covered by Section 425.16.

19   The court specifically followed Section 425.16(b)(2), which requires a court to consider the

20   parties' pleadings, including opposing affidavits, when deciding whether the anti-SLAPP statute

21   applies. 29 Cal. 4th at 89. Acknowledging the broad construction rule, the Court recognized that

22   the anti-SLAPP statute does not exclude "any particular type of action from its operation." The

23   Court refused to narrow the statute in such a manner, stating that "no court has the 'power to

24

25       [1] In *Briggs*, the Court stressed that "[t]he Legislature *already has weighed an appropriate
         concern* for the viability of meritorious claims" and has provided "substantive and procedural
26       limitations that protect plaintiffs against overbroad application of the anti-SLAPP mechanism."
         19 Cal. 4th 1106, 1122-1123 (emphasis added).  It further stated: "*We find no grounds for
27       reweighing these concerns in an effort to second-guess the Legislature's considered policy
         judgment.*"  *Id.* at 1123 (emphasis added).  Accordingly, this Court should not second-guess the
28       Legislature's judgment in requiring all facets of the anti-SLAPP statute to be construed broadly.

rewrite the statute so as to make it conform to a presumed intention which is not expressed.'" *Id.* (quoting *California Teachers Ass'n v. Governing Bd. of Rialto Unified School Dist.*, 14 Cal. 4th 627, 633 (1997)).  And in *City of Cotati v. Cashman, et al.*, 29 Cal. 4th 69, 75 (2002), the Court declined to impose the requirement Plaintiffs seek to impose here that the cause of action "had, or will have, the actual effect of chilling the defendant's exercise of speech or petition rights."[2]  The Court held a "chilling effect" requirement was "too restrictive" and would contravene the legislative intent to broadly protect speech and petitioning activities.[3]

These binding Ninth Circuit and California Supreme Court cases show the many times that these courts have consistently invoked the broad construction rule and applied it when plaintiffs sought to narrow application of the anti-SLAPP statute.  The broad construction rule is well entrenched in the case law construing the breadth of the anti-SLAPP statute, and applies to every aspect of the first prong inquiry, including the "arising from" and "public issue or issue of public interest" parts of the test acknowledged by the Ninth Circuit in *Hilton*.

**B.     The Legislative History Of The Anti-SLAPP Statute Confirms The Legislative Intent To Broadly Protect Communicative And Noncommunicative Conduct In Furtherance Of Speech.**

As the California Supreme Court repeatedly has recognized, the legislative intent that the anti-SLAPP statute be given a broad construction "is expressed in unambiguous terms," and "we must treat the statutory language as conclusive."  *See Briggs*, 19 Cal. 4th at 1119-1120 (quoting

---

[2] The Court found that the anti-SLAPP statute applied in *Equilon Enterprises* and *Navellier*, but that it did not apply in *City of Cotati*.  In *City of Cotati*, 29 Cal. 4th at 80, the Court stated that the act underlying the City of Cotati's state lawsuit was a request to adjudicate the constitutionality of a mobile home ordinance.  Although the City of Cotati's state lawsuit was filed *after* the mobile home residents had filed a federal action, it did not follow that the City of Cotati's lawsuit *arose from* the residents' lawsuit, because what the City of Cotati wanted was a resolution of the underlying issue about the ordinance.  This circumstance is far afield of the situation here, where Plaintiffs seek to judicially compel CNN to speak using captioning technology that is inconsistent with its editorial standards.  *See* Section 2.C, *infra*.

[3] Logically, the converse of *City of Cotati* also should apply – that where, as here, CNN has demonstrated with uncontroverted evidence that Plaintiffs' lawsuit will have the actual effect of compelling CNN to speak in ways that it would not otherwise, Plaintiffs' lawsuit is one that fits comfortably within the anti-SLAPP statute.  *See* Cal. Civ. Proc. Code § 425.16 (b)(2); *Navellier*, 29 Cal. 4th at 89; Section 2.C, *infra*.

---

7

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER, INC.
CASE NO. CV 11-03458-LB
DWT 18811396v2 0026517-000132

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-3611
(415) 276-6500
Fax: (415) 276-6599

Code of Civil Procedure Section 425.16 (a)); *Equilon*, 29 Cal. 4th at 61-62. The Court repeatedly has reviewed the legislative history of Section 425.16 and "observe[d] that available legislative history buttresses the conclusion" that the anti-SLAPP statute must be construed broadly in concert with the amendment to the anti-SLAPP statute enacted by the California Legislature in 1997. *See id.*

The legislative history of the 1997 amendment – Senate Bill 1296 – shows that fifteen years before the federal district court made the claim in *Doe v. Gangland Prods., Inc.*, 2011 U.S. Dist. LEXIS 89472, at *14-*16, about a "broad interpretation" of the anti-SLAPP statute being "contrary to the legislative intent" and opined that the anti-SLAPP statute "must have limits," the First Appellate District of the California Court of Appeal made a similar claim that the anti-SLAPP statute should be construed narrowly and could not possibly extend to statements made by a litigant to the *San Jose Mercury News* regarding the litigation. *Zhao v. Wong*, 48 Cal. App. 4th 1114 (1996) (superseded by statute as stated in *Briggs*, 19 Cal. 4th at 1123 n.10). "It cannot be seriously contended that every comment on a lawsuit involves a public issue," the *Zhao* court stated. *Id.* at 1131. *See* Ex. A to Suppl. Burke Decl. & Request for Judicial Notice.

In response, at the behest of the California Newspaper Publishers Association, the anti-SLAPP statute's original author, Bill Lockyer, sponsored an amendment to the anti-SLAPP statute clarifying that it *is* intended to be broadly construed and that it extends to a variety of conduct and not just actual exercises of free speech or the right to petition. *See* Request for Judicial Notice, Ex. A (at 10, 33, 38, 71, 81).[4] To promote this objective, Lockyer and the California Legislature added the language in Section 425.16(a) that this "***section*** shall be construed broadly," meaning the entire statute. The proponents of the 1997 amendment believed that "the additional declaration of Legislative intent would strengthen the statute against narrow readings of its protections, which in turn would better protect a person's exercise of his or her constitutional rights of petition and free speech in matters of public significance against meritless

---

[4] "This bill is sponsored by the California Newspaper Publishers Association to address recent court cases that have too narrowly construed California's anti-SLAPP suit statute." *Id.* at 76 (June 23, 1997 Assembly Judiciary Committee Analysis).

8

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER, INC.
CASE NO. CV 11-03458-LB
DWT 18811396v2 0026517-000132

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA  94111-3611
(415) 276-6500
Fax: (415) 276-6599

1    claims designed to stifle that exercise." *Id.* at 34 (May 12, 1997 Senate Judiciary Committee

2    Analysis); 37 (May 12, 1997 Senate Floor Analysis Third Reading); 92 (June 23, 1997 Senate

3    Floor Unfinished Business Analysis).

4         As part of the broadening of the anti-SLAPP statute, the Legislature in 1997 also added a

5    new broader category of activity that fit within the anti-SLAPP statute: Code of Civil Procedure

6    Section 425.16 (e)(4), which applies to "any other conduct in furtherance of the exercise of the

7    constitutional right of petition or the constitutional right of free speech in connection with a public

8    issue or an issue of public interest." *Id.* at 32 (May 12, 1997 Senate Judiciary Committee

9    Analysis).  As most of the committee analyses reflect, the "any other conduct" language in (e)(4)

10   was intended to codify that "***Section 425.16 applies to both 'communicative conduct and***

11   ***'noncommunicative conduct.'***"  *Id.* at 33 (May 12, 1997 Senate Judiciary Committee Analysis);

12   38 (May 12, 1997 Senate Floor Analysis Third Reading); 86 (June 23, 1993 Senate Floor

13   Unfinished Business Analysis) (emphasis added).  "This bill would reflect that law and

14   specifically apply the provisions of Section 425.16" to both communicative and

15   noncommunicative conduct that is in furtherance of free speech of petition rights. *See id.* at 86

16   (June 23, 1993 Senate Floor Unfinished Business Analysis). Both the state Senate and the

17   Assembly analyses reflect the Legislature's observation that "some courts have failed to

18   understand that this statute covers ***any conduct*** in furtherance of the constitutional rights of

19   petition and of free speech in connection with a public issue or with any issue of public interest."

20   *Id.* at 76 (June 23, 1997 Assembly Judiciary Committee Analysis) (emphasis added); 80 (Senate

21   Third Reading Analysis).

22        The report from the office of then-Gov. Pete Wilson also reflects the intention to broaden

23   the statute, stating that "[t]his bill would expand the scope of the SLAPP statute and would

24   increase the ability of defendants to dismiss frivolous lawsuits." *Id.* at 101 (Governor's Office of

25   Planning & Research Enrolled Bill Report).  The Governor's report declared:

26        This amendment would still require that any non-official proceeding related speech
         protected by the SLAPP statute would have to be on an issue of public interest, but
27        would remove the loophole that the only speech protected is speech made in a
         public forum.  Because of this, the amount of speech protected by the SLAPP
28        statute would increase significantly. … This bill … would expand the definition
         of an act in furtherance of a person's right of free speech.  This bill would resolve

9

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-3611
(415) 276-6500
Fax: (415) 276-6599

most of the conflict in the appellate courts about the proper interpretation of the SLAPP statute, and add significant protections to individuals asserting their constitutional rights of free speech and petition. By increasing the scope of the statute, the overall result of SB 1296 would likely be a reduction in frivolous lawsuits.

*Id.* at 102. The Senate (34-0) and the Assembly (69-0) passed unanimously the amendment – SB 1296 – and Gov. Wilson signed it into law shortly thereafter.

The legislative history thus reinforces the express statutory command that all aspects of the anti-SLAPP statute must be construed broadly, and reflects the California Legislature's intent that the courts apply the statute broadly to both communicative and noncommunicative conduct in furtherance of free speech or petition. Indisputably, this legislative history refutes Plaintiffs' assertion that the anti-SLAPP statute is not triggered by this lawsuit because Plaintiffs allegedly only seek to impose a "mechanical" content neutral closed captioning requirement on CNN.

**C.** **The Lawsuit Arises From CNN's Acts In Furtherance Of Speech.**

**1.** **Plaintiffs' Lawsuit Is Based On CNN's Speech On The Internet.**

Section 425.16's "definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's *activity* that gives rise to his or her asserted liability" and whether that activity constitutes conduct in furtherance of free speech on a public issue or issue of public interest or of the right of petition. *Stewart v. Rolling Stone LLC*, 181 Cal. App. 4th 664, 679 (2010) (quoting *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228, 1244 (2005) (emphasis in original)). *Accord Navellier*, 29 Cal. 4th at 92.

With a notable lack of success, plaintiffs have attempted to divorce the specific conduct involving them from the overall broadcast or speech at issue. For example, in *M.G. v. Time Warner, Inc.*, 89 Cal. App. 4th 623, 628-629 (2001), the plaintiffs claimed that their specific appearances in a Little League photograph that accompanied an article and broadcast about youth molestation in sports were not acts in furtherance of free speech on a matter of public interest within the meaning of the anti-SLAPP statute. However, the Court rejected this formulation as "too restrictive." *Id.* The Court recognized that the anti-SLAPP statute regularly had been

10

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER, INC.
CASE NO. CV 11-03458-LB
DWT 18811396v2 0026517-000132

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-3611
(415) 276-6500
Fax: (415) 276-6599

applied to media defendants,[5] and noted that "*[f]reedom of the press and free speech rights are unquestionably implicated here.*" *Id.* (emphasis added). "Consonant with the mandate to give a broad interpretation to the anti-SLAPP statute," the Court stated the focus had to be on the general subject matter of the publications, the issue of youth molestation in sports, and could not be drawn narrowly as being about the decision to publish a photo making public the identities of specific molestation victims. Similarly, in *Taus v. Loftus*, 40 Cal. 4th 683 (2007), the California Supreme Court examined the defendant's "*general course of conduct*" (investigations and responsive articles questioning the conclusions of other scientists as to the scientific controversy over so called "recovered memories") and found "there can be no question" that it was "clearly activity" in furtherance of free speech in connection with a "public issue." *Id.* at 712-713 (emphasis added). *See also Kearney v. Foley & Lardner LLP*, 590 F.3d 638, 648-649 (9th Cir. 2009) (communications with witness related to eminent domain proceeding and disclosures in ongoing litigation qualified as "conduct" within the scope of the anti-SLAPP statute because they were in furtherance of constitutional petition rights). And in *Stewart*, 181 Cal. App. 4th at 677-679, the appellate court agreed with the trial court that *Rolling Stone*'s layout decision to place an editorial feature on bands next to a tobacco company's similar advertising feature was subject to First Amendment protection and the anti-SLAPP statute, but stated that the focus of the first prong inquiry should be broadly on the publication of the feature article rather than narrowly on the magazine's layout decision.[6]

---

[5] In *M.G.*, 89 Cal. App. 4th at 629 n.8, the court cited as examples of cases where the courts applied the anti-SLAPP statute to media defendants the following: *Sipple v. Foundation for Nat'l Progress*, 71 Cal. App. 4th 226, 240 (1999); *Braun v. Chronicle Publishing Co.*, 52 Cal. App. 4th 1036, 1044 (1997); *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*, 37 Cal. App. 4th 855, 863 (1995).

[6] *See also Terry v. Davis Community Church*, 131 Cal. App. 4th 1534 (2005) (in finding that anti-SLAPP statute applied, dismissing plaintiff's argument that court should focus narrowly on decision to reveal individual victim's identity rather than on broad topic of child molestation raised in church discussions convened to prevent it from happening); *Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1149 (S.D. Cal. 2005) (finding that Section 425.16 applied because focus was on article's discussion of treatment of Iraqi captives by members of the United States military rather than on newsgathering and publication of photograph of the involved plaintiff soldiers). *Doe v. Gangland Prods.*, 2011 U.S. Dist. LEXIS 89472, at *17-*22, contradicts all of these published cases by narrowly framing the issue as being confined to the decision to reveal the plaintiff former gang member's identity rather than the broader subject of the documentary about gangs in America. *See discussion infra.* at 4.

1   Following these cases, the focus here should be on the fact that Plaintiff's lawsuit takes

2   aim at CNN's speech on the Internet – its presentation and publication of news videos of the day

3   on CNN.com.  As CNN explained in its earlier briefing (Motion at 7), it is indisputable that

4   Plaintiffs' claims target how CNN publishes online news videos that feature CNN's reporting on

5   important news events occurring around the world.  This Court acknowledged that reality during

6   the December 1, 2011 hearing.  Applying the broad construction rule that both the Ninth Circuit

7   and California Supreme Court have repeatedly invoked (*see* Section 2.A, *infra*), both CNN's news

8   reporting and publishing activities on matters of great public interest (*e.g.*, the war in Afghanistan,

9   the unrest in Egypt, the U.S. presidential election, the trial of the Michael Jackson doctor)

10  unquestionably qualify as conduct in furtherance of free speech within the meaning of the anti-

11  SLAPP statute.  *See Lieberman v. KCOP Television*, 110 Cal. App. 4th 156, 166 (2003) (anti-

12  SLAPP statute extends not only to the exercise of free speech, but also to conduct in furtherance

13  of free speech such as news reporting and exercising editorial discretion); cases cited in Motion at

14  7.

15      **2.      CNN's Decision Not To Use Closed-Captioning Technology That Does**

16              **Not Satisfy CNN's Editorial Standards Is An Act In Furtherance Of**

17              **Free Speech That Comes Within The Anti-SLAPP Statute.**

18      Even if the Court were inclined to accept Plaintiffs' narrow interpretation of CNN's "acts"

19  at issue in this lawsuit, CNN still satisfies prong one of the anti-SLAPP statute because the statute

20  extends to an Internet publisher's decision not to publish inaccurate content.  In *Kronemyer v.*

21  *Internet Movie Data Base, Inc.*, 150 Cal. App. 4th at 947, the plaintiff claimed that "there was no

22  act in furtherance of free speech … because respondent [IMDB] did nothing in response to his

23  request to correct the credits" and add him as the producer of the films "My Big Fat Greek

24  Wedding," "Wishcraft," and "Stand and Be Counted."  Plaintiff characterized his lawsuit "as

25  based on *inaction* … rather than conduct or speech."  However, the Court rejected this claim

26  because IMDB's decisions of how to list the credits on its Internet site (and whether or not to

27  include plaintiff as a producer) qualified as acts in furtherance of free speech protected under the

28  anti-SLAPP statute.  The decision not to list Plaintiff with producer credits for these movies was

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER, INC.
CASE NO. CV 11-03458-LB
DWT 18811396v2 0026517-000132

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA  94111-3611
(415) 276-6500
Fax: (415) 276-6599

based on IMDB officials' review of the actual movies themselves, which did not list Kronemyer as the producer in the opening or closing credits. The Court recognized that a web site could not be compelled to provide content with errors in it, and that the anti-SLAPP statute was available to IMDB under these circumstances. *See also Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1072, 1074 (2005) (applying anti-SLAPP statute in case where plaintiff's Unruh Act and Section 17200 unfair business practices lawsuit sought to intrude into radio station's "First Amendment right to control the content of their program" where plaintiff sought to compel radio station to participate in a radio call-in show).

Following *Kronemyer*, just as IMDB had a First Amendment right not to carry content with errors in it (declining to list Kronemyer as a producer of the three movies on the website when the movies themselves did not so list Kronemyer), CNN acted in furtherance of its free speech rights when it decided not to unilaterally use closed captioning technology for Internet videos that would violate its editorial practices. As the uncontradicted declaration of Clyde D. Smith makes clear, the current sub-par closed-captioning technology that Plaintiffs seek to judicially impose on CNN can, under certain conditions, result in inaccuracies, "including truncated sentences, and lost words (or characters) in some cases." Smith Reply Decl. ¶¶ 8, 10.[7] Given this uncontested evidence, it cannot reasonably be contended that Plaintiffs' action does not target CNN's speech.[8]

Plaintiffs' lawsuit also would burden CNN's speech in other constitutionally impermissible ways. CNN is in the highly competitive business of delivering the news on a timely basis, and Plaintiffs' lawsuit seeks to force CNN alone to use closed captioning technology

---

[7] In *Lieberman*, 110 Cal. App. 4th at 166, the court concluded that the conduct "in furtherance" of speech language means "helping to advance, assisting." Here, CNN's decision not to unilaterally provide closed captioning with a flawed technology helps to advance and assist CNN's speech, since it ensures that CNN's speech would not contain inaccuracies that could mislead the public, including members of plaintiffs' putative class.

[8] Plaintiffs are wrong to suggest that deaf people do not have access to the news on CNN.com or that CNN wants to shut out deaf people from its website. Opp. at 28, 30-32. Almost every news video available on CNN.com is accompanied by a written news story that parallels the content of the video. Declaration of Michael Toppo ¶ 19; Motion at 22. Nor do Plaintiffs dispute CNN's history of involvement in industry-wide efforts to make content accessible to everyone. 9/9/11 Smith Decl. ¶¶ 7-13.

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER, INC.
CASE NO. CV 11-03458-LB
DWT 18811396v2 0026517-000132

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-3611
(415) 276-6500
Fax: (415) 276-6599

that will delay CNN's news delivery and put it at a competitive disadvantage against other news outlets. 9/9/11 Smith Decl. ¶¶ 13, 23. Plaintiffs also seek to impose production costs on CNN unilaterally that its competitors would be able to avoid, which would further adversely impact CNN's speech vis-à-vis its competitors and likely lead to CNN.com posting fewer news videos. *See* Toppo Decl. ¶¶ 14, 17-18. Plaintiffs have not disputed – and cannot dispute – CNN's evidence, which is dispositive of the first prong issue. *See* Cal. Civ. Pro. Code § 425.16 (b) (2) ("court *shall* consider the pleadings . . . [including] opposing affidavits stating the facts upon which the . . . defense is based.) (emphasis added).

The First Amendment does not allow for the government to unilaterally single out one news organization with burdensome and financially taxing requirements not imposed on others. *See e.g., American Broadcasting Cos. v. Cuomo*, 570 F.2d 1080, 1083 (2d Cir. 1977) (selectively excluding ABC from reporting certain campaign events violates First Amendment, which "requires equal access to all of the media or the rights of the First Amendment no longer would be tenable"); *Westinghouse Broadcasting v. Dukakis*, 409 F. Supp. 895, 896 (D. Mass. 1976) (same); *Anderson v. Cryovac*, 805 F.2d 1, 9 (1st Cir. 1986) (discussing the First Amendment dangers of the government "granting favored treatment to certain members of the media"). When, as here, freedom of the press and free speech are implicated by the relief sought in a lawsuit, the courts, mindful of the broad construction rule, have not hesitated to find that the anti-SLAPP statute applied to the lawsuit, and the Court should do the same here.

**3.     Plaintiffs Rely On Unpublished, Non-Binding District Court Opinions That Feature Flawed anti-SLAPP Analysis.**

In their Opposition and during the December 1, 2011, hearing, Plaintiffs repeatedly cited to – and this Court frequently referenced – unpublished and non-binding federal district court decisions as support for Plaintiffs' claim that the anti-SLAPP statute does not apply to this case. *See* Opp. at 3, 5 (citing *Doe v. Gangland Prods., Inc.*, 2011 U.S. Dist. LEXIS 89472 (C.D. Cal. August 1, 2011) and *Duncan v. Cohen*, 2008 U.S. Dist. LEXIS 109342 (N.D. Cal. July 22,

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER, INC.
CASE NO. CV 11-03458-LB
DWT 18811396v2 0026517-000132

**DAVIS WRIGHT TREMAINE LLP**
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA  94111-3611
(415) 276-6500
Fax: (415) 276-6599

1   2008)).[9] As explained in Sections 2.B, 2.C.3, *infra*, these decisions erroneously employed an

2   impermissibly narrow interpretation of the anti-SLAPP statute and imported merits tests into the

3   first prong inquiry that are not appropriate and may only be considered in the second prong.

4           In *Doe v. Gangland Prods., Inc.*, 2011 U.S. Dist. LEXIS 89472, at *14 (C.D. Cal. August

5   1, 2011), the court called for other courts to use the "acts in furtherance of" free speech and issue

6   of public interest requirements to limit application of the anti-SLAPP statute.  Ignoring binding

7   precedent, the court claimed that a "broad interpretation of the Anti-SLAPP statute" to include all

8   "communicative activity" in furtherance of speech "is contrary to the California legislature's

9   intent." *Id.*  Clearly, this is wrong.

10          The decision in *Duncan v. Cohen* is also flawed in many ways, particularly because the

11  Court failed to follow the law of the California Supreme Court regarding the proper test for

12  deciding whether the anti-SLAPP statute applies.  In *Duncan*, 2008 U.S. Dist. LEXIS 109342, at

13  *6-*7, the court inquired into Plaintiff's intent and motives for bringing the lawsuit as part of the

14  first prong inquiry, which is forbidden by *Equilon Enterprises*, 29 Cal. 4th at 67-68.  The court

15  also interposed the "public interest" exemption in Code of Civil Procedure Section 425.17 into the

16  first prong test, which is not permissible.  *Id.* at *7-*8.  *See also Club Members for an Honest*

17  *Election v. Sierra Club*, 45 Cal. 4th at 316-317.

18          **4.      The Cases Where Courts Found That Defendants Did Not Meet The**

19                  **"Arising From" Requirement Did Not Involve A News Organization's**

20                  **Free Speech Activities.**

21          The cases where courts found that defendants did not comply with the "arising from"

22  requirement share a common link:  they did not involve news organizations, and the principal

23  thrust of the lawsuit targeted defendant's activities that were unconnected to speech or too

24  attenuated from the speech activities for the anti-SLAPP statute to apply.  For example, in

25  *Episcopal Church Cases*, 45 Cal. 4th 467, 477-478 (2009), the Court was asked to resolve a

---

26          [9] *Doe v. Gangland Prods.* not only has been appealed to the Ninth Circuit, but also

27  conflicts with another decision handed down a month later finding that the A&E show *Gangland*
    did come within the anti-SLAPP statute.  *See Alexander v. A&E Television Networks, LLC*, 2011

28  U.S. Dist. LEXIS 99913 (E.D. Cal. September 6, 2011).

---

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER, INC.
CASE NO. CV 11-03458-LB
DWT 18811396v2 0026517-000132

**DAVIS WRIGHT TREMAINE** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA  94111-3611
(415) 276-6500
Fax: (415) 276-6599

"*property dispute*" between the Episcopal Church and a breakaway group that was disaffiliating. *Id.* (emphasis in original). Both sides claimed ownership of the same property, and while "protected activity may lurk in the background" and explain why the "rift" arose, it could not "transform a property dispute into a SLAPP suit." *Id.* Similarly, in *Duncan*, 2008 U.S. Dist. LEXIS 109342, at *6-*7, the court was called on to resolve a contractual rights and copyright dispute; the defendant filmmakers did not contend that their rights to copy the copyrighted book material for a film arose from free speech (it arose from the author's contract with Sierra Club, which in turn had contracted out the rights to the defendant filmmakers). Along the same lines, the courts have rejected attempts to apply the anti-SLAPP statute to "garden variety" legal malpractice claims where the issue was the attorneys' negligence in failing to comply with court orders and discovery statutes, and the lawsuit could not reasonably be said to have arisen from the "petition" activities of defendants in negligently filing declarations that admitted malpractice. *See, e.g., Jespersen v. Zubiate-Beauchamp*, 114 Cal. App. 4th 624, 631 (2003). And in the commercial speech certification case discussed at oral argument and raised by Plaintiffs in their opposition, the Court found that the underlying activity – the stamping of "OASIS Organic" by members of the OASIS group – was "to promote the sale of the *product* to which it is affixed," and was not in furtherance of contributing to a debate as to what constitutes an organic product. *All One God Faith, Inc. v. Organic & Sustainable Industry Standards*, 183 Cal. App. 4th 1186, 1204 (2010) (emphasis in original).[10]

None of these cases are remotely close to the facts of this case. There is no property, contract, legal malpractice, or certification of commercial products issue at the heart of the litigation here. There is no dispute that CNN's expressive content and press rights are at the heart

---

[10] The central holding of the OASIS Organic certification case is actually about defendant's failure to meet the "issue of public interest" requirement. *See All One God Faith, Inc.*, 183 Cal. App. 4th at 1210 ("Because the 'issue of public interest' requirement is not met here, the trial court correctly concluded that section 425.16 does not apply to Dr. Bronner's cause of action against OASIS"). The court based its conclusion about the public interest requirement on the assertion that stamping the "OASIS Organic" seal on products was more about commercial speech promoting OASIS' members' business interests rather than the public's interest in the larger issue of organic health and beauty products. *Id.* By contrast, here unquestionably CNN's expressive speech – its news videos -- reflects both public issues and issues of public interest.

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER, INC.
CASE NO. CV 11-03458-LB
DWT 18811396v2 0026517-000132

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-3611
(415) 276-6500
Fax: (415) 276-6599

of this lawsuit – Plaintiffs are seeking to compel a leading news organization with millions of viewers to use closed captioning technology that does not meet the publisher's editorial standards. Indisputably, the relief that Plaintiffs ask this Court to impose unconstitutionally burdens CNN's speech.   Because CNN's expressive speech and acts in furtherance of that speech are not in the background but in fact, are at the core of Plaintiffs' lawsuit, CNN has met the "arising from" requirement for the anti-SLAPP statute to readily apply.

### 3. CONCLUSION

California's anti-SLAPP statute was intended to be broadly construed, to reach all of the different forms of conduct in furtherance of speech that Plaintiffs sought to target, regardless of the label.  Plaintiffs' lawsuit seeks to single out CNN and to judicially compel CNN to publish its speech in a manner that could cause needless errors (and subject CNN to potential liability) in violation of its First Amendment rights.  This lawsuit thus is subject to the anti-SLAPP statute, and Plaintiffs are obligated to show a probability of prevailing on their claims – an evidentiary burden that this Court has already appropriately questioned Plaintiffs' ability to satisfy.  For these reasons and the reasons delineated in its earlier briefing, CNN respectfully requests that the Court grant its Special Motion to Strike Plaintiffs' Complaint.

DATED:  January 9, 2012

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
JANET L. GRUMER
RONALD LONDON
JEFF GLASSER


By:   /s/ Thomas R. Burke
Thomas R. Burke
Attorneys for Defendant
CABLE NEWS NETWORK, INC.

17

GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. v. TIME WARNER, INC.
CASE NO. CV 11-03458-LB
DWT 18811396v2 0026517-000132

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-3611
(415) 276-6500
Fax: (415) 276-6599